

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00268-CV

**IN RE FIDELITY NATIONAL TITLE INSURANCE CO.**

Original Proceeding[1]

PER CURIAM

Sitting:        Sandee Bryan Marion, Justice
                    Patricia O. Alvarez, Justice
                    Luz Elena D. Chapa, Justice

Delivered and Filed:  May 8, 2013

PETITION FOR WRIT OF MANDAMUS DENIED

On April 29, 2013, Relator Fidelity National Title Insurance Co. filed a petition for writ of mandamus, complaining of the trial court's April 29, 2013 Order Denying Plaintiff's Motion to Compel.  For the following reasons, the petition for writ of mandamus is denied without prejudice.

First, mandamus relief is only available if the relator establishes both the trial court abused its discretion and relator lacks an adequate remedy by appeal.  *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 125 (Tex. 2004) (orig. proceeding).  Relator fails to address why it lacks an adequate remedy by appeal.

---

[1] This proceeding arises out of Cause No. 2012-CI-05517, styled *Fidelity National Title Insurance Co. v. Andrew M. Parker*, pending in the 224th Judicial District Court, Bexar County, Texas, the Honorable Cathy Stryker presiding. However, the order complained of was signed by the Honorable Peter Sakai, presiding judge of the 225th Judicial District Court, Bexar County, Texas.

In addition, Relator's petition fails to comply with numerous requirements outlined in Texas Rule of Appellate Procedure 52. *See* TEX. R. APP. P. 52.3(g) ("[e]very statement of fact in the petition must be supported by citation to competent evidence included in the appendix or record"); TEX. R. APP. P. 52.3(j) ("[t]he person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record"); TEX. R. APP. P. 52.7(a)(2) (relator must file with the petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained").

Accordingly, the petition for writ of mandamus is DENIED WITHOUT PREJUDICE. TEX. R. APP. P. 52.8(a).

PER CURIAM